## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

RASHUNUS PEARSON #431362,    )
    )
    Plaintiff,    )
    )    No. 3:15-cv-00585
v.    )
    )    Senior Judge Haynes
DAVIDSON COUNTY SHERIFF OFFICE,    )
    et al.,    )
    )
    Defendants.    )

## MEMORANDUM

Plaintiff, Rashunus Pearson, an inmate or pre-trial detainee in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Sheriff's Office and members of its staff for violations of his federal rights. According to his complaint, on December 5, 2014, Plaintiff slipped and fell in water in the floor left behind by a mop. Plaintiff alleges that there was no "wet floor" sign in the area when he fell. Plaintiff alleges that he suffered injuries from the fall, including a cut forearm and shin, and an injured back and shoulder.

Plaintiff also alleges that he fell at approximately 1:30 a.m., was taken to medical at approximately 1:46 a.m., and saw a nurse approximately 30 minutes later. Plaintiff alleges that the nurse simply cleaned his open wounds and sent him back to his unit without providing him anything for pain. Plaintiff alleges that on December 7, 2014, he returned to the medical clinic, where his wounds were cleaned, and received Tylenol for pain. Plaintiff alleges that he requested a tetanus shot that day, but did not receive this shot until December 8. Plaintiff alleges that his back still hurts.

Finally, Plaintiff alleges that the nurse treating him was using drugs and was later terminated

for being under the influence of drugs at work. Plaintiff further alleges that the same nurse gave two other inmates too much insulin the same night as his accident.

The complaint is before the Court for an initial review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009)

(citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

To state a § 1983 claim, Plaintiff must allege: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Prison officials have a duty under the Eighth Amendment[1] to protect prisoners from substantial risks to their safety. *Farmer v. Brennan*, 411 U.S. 825 (1994). However, "[a] prison official's duty ... is to ensure 'reasonable safety,'" not absolute safety. *Id.* at 844 (citing *Helling v. McKinney*, 509 U.S. 25, 33 (1993)). A prison official may only be held liable under § 1983 for acting with "deliberate indifference" to inmate health or safety, which requires proof that the official

---

[1] If the plaintiff is a pretrial detainee rather than an inmate, his claims would arise from the due process protections of the Fourteenth Amendment instead of the Eighth Amendment. As a practical matter, this distinction does not affect the court's analysis. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) ("Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well.").

knew that the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Id.* at 834. "Deliberate indifference" is a higher standard than negligence and requires that the official know of and disregard an excessive risk to inmate health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw the inference." *Id.* at 837.

Here, the alleged threat was a wet floor that the Court concludes is not a sufficiently grave threat to constitute a substantial risk of serious harm to state an Eighth Amendment claim. *Bell v. Ward*, 88 F. App'x 125, 127 (7th Cir. 2004) (finding no substantial risk of serious injury where inmate who fell and required 4 stitches alleged that prison officials knew of and deliberately refused to remedy wet floor). Federal courts have routinely found that slip and fall accidents on wet prison floors do not give rise to federal causes of action. *See, e.g., Reynolds v. Powell*, 370 F.3d 1028,1031 (10th Cir. 2004) (slippery condition arising from standing water in prison shower was not a condition posing a substantial risk of serious harm as required under the Eighth Amendment, even though inmate was on crutches and had warned prison employees that he was at heightened risk of falling); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"); *Marsh v. Jones*, 53 F.3d 707, 711–12 (5th Cir. 1995) (inmate's claim for monetary damages resulting from defendants' failure to warn that a leaking or sweating air conditioning unit made the floor wet was "a garden-variety negligence claim that was not actionable under § 1983"); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment."). *See also Bacon v. Carroll*, 232 F. App'x 158, 160, 2007 WL 1244353 (3rd Cir. Apr. 30, 2007) (prisoner's assertion that prison officials failed to warn him of wet floor stated claim of mere

negligence and not constitutional violation); *Bell v. Ward*, 88 F. App'x 125, 127, 2004 WL 260284 (7th Cir. Feb. 6, 2004) (accumulation of water on the floor due to prison officials' oversight shows, at most, that jail officials were negligent); *Beasley v. Anderson*, 67 Fed. Appx. 242, 2003 WL 21108537 (5th Cir. Apr. 22, 2003) (prisoner's claim that he slipped and fell on slippery shower floor sounded in negligence and was insufficient to allege a constitutional violation); *Lefall v. Johnson*, 48 Fed. Appx. 104, 2002 WL 31017045 (5th Cir. Aug. 20, 2002) (prisoner's claim that he suffered a back injury after slipping and falling on a wet floor caused by persistent plumbing leaks of which defendants were aware was, at most, a claim of negligence which is not actionable under § 1983); *Davis v. Corrections Corp. of Am.*, 2008 WL 539057 (N.D. Fla. Feb. 22, 2008) (plaintiff's allegations that he slipped and fell due to water on the floor from a leaking toilet resulting in injury to his leg failed to state an Eighth Amendment violation). Thus, Plaintiff's claim for his fall does not state a claim for which relief can be granted under § 1983.

As to Plaintiff's claim about his medical care, deliberate indifference to a prisoner's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the Eighth Amendment. *Ruiz v. Martin*, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013). But mere claims of negligent treatment or medical malpractice do not amount to deliberate indifference. *Estelle*, 429 U.S. at 106. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake*

*v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). To prevail under those circumstances, an inmate must establish that the treatment he received was "so woefully inadequate as to amount to no treatment at all." *Ruiz*, 72 F. App'x at 276 (quoting *Westlake*, 537 F.2d at 860 n.5).

Plaintiff's factual allegations are that the prison medical staff provided some medical care for his ailments, but does not allege facts suggestive that this medical care was "woefully inadequate." Plaintiff was prescribed Tylenol for his alleged pain and had a short delay in receiving the Tylenol and a tetanus shot. These factual allegations do not show the Defendants' deliberate indifference to his medical needs.

Finally, Plaintiff's allegations about the nurse's drug use and treatment of other inmates are not actionable under § 1983. *See Corn v. Sparkman*, No. 95-5494, 1996 WL 185753 (6th Cir. Apr. 17, 1996) ("A prisoner cannot bring claims on behalf of other prisoners.... A prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights.").

For these reasons, this action shall be dismissed with prejudice for failure to state a claim for which relief can be granted.

An appropriate Order is filed herewith.

**ENTERED** this the _1st_ day of _June_ , 2015.

_____
WILLIAM J. HAYNES, JR.,
Senior United States District Judge